DIAMOND TUNNEL GOLD AND SILVER MINING COMPANY
ET AL. v. FAULKNER ET AL.

1. BILLS OF EXCEPTIONS—HOW PRESERVED.—A bill of exceptions cannot be preserved by affidavits except in a case where, upon the presentation of a true bill, the judge "shall neglect or refuse to allow and sign and seal the same."
2. SAME—HOW ATTESTED.—Nothing can be properly inserted in a bill of exceptions unless allowed by the presiding judge, or attested by the affidavits of two disinterested persons.
3. AFFIDAVIT OF BUSINESS AGENT, INCOMPETENT.—The business agent of the party interested in preserving a bill of exceptions is not a proper person to authenticate the bill, especially in a case where he is the principal witness for such party.
4. IMPROPER ARGUMENTS, NOT ALLOWABLE.—An argument which refers to the trial judge in language that is wholly unnecessary and grossly improper will not be allowed in this court.

*Error to District Court of Clear Creek County.*

MOTION by defendants in error to strike from the files the "so called bill of exceptions," also, the argument of counsel for plaintiffs in error, and other matters.

Mr. W. T. HUGHES, for plaintiffs in error.

Messrs. MORRISON & FILLIUS, for defendants in error.

PER CURIAM. The plaintiffs in error attempted to have a bill of their exceptions authenticated by the affidavits of witnesses instead of the signature and seal of the trial judge. A bill of exceptions cannot be preserved in such manner except in a case where upon the presentation of a true bill the judge "shall neglect or refuse to allow and sign and seal the same." Code, sec. 385.

1. In this case the written statement of the trial judge under seal, as set forth in the bill sought to be preserved by plaintiffs in error, tends to discredit the truthfulness and accuracy of certain portions of the bill presented for his seal

and signature; and upon this ground he based his refusal to authenticate the same. But this phase of the controversy need not be further considered since defendants in error have failed to file counter-affidavits as the statute provides.

The motion before us also challenges the competency and sufficiency of the affidavits by which the bill is sought to be attested. The statute provides that a bill of exceptions may, under certain circumstances, as above indicated, be authenticated by the affidavits of "two or more attorneys of the court or other persons who were present at the time of the trial, and when such exceptions were taken."

Attached to the bill under consideration are the affidavits of three persons; but one of these was the attorney of the defendants below and of the plaintiffs in error in this court; and so his affidavit is incompetent as an authentication of the bill. It was perhaps intended for other purposes. *Thornily v. Pierce*, 10 Colo. 250. Another of the affidavits was made by the business agent of the defendants who testified in their behalf on the trial and was their principal witness. At the commencement of his testimony in chief the bill shows that he testified as follows: "I am the business agent of the defendant company, and have been for two or three years."

In *Thornily v. Pierce*, *supra*, it was said: "The statute evidently requires that the two or more attorneys of the court should be those who had no participation in or connection with the case in which their affidavits are sought." In conformity with this opinion and upon principle it must be held that the business agent of the party interested in preserving a bill of exceptions is not a proper person to authenticate the bill, especially in a case where he was the principal witness for such party. As was said in the case of *St. John v. Wallace*, 25 Iowa, 23, "The theory and presumption is, that the judge stands indifferent between the parties, and will readily state the exact facts in the bill of exceptions." Hence, it follows that in a matter so vital to the interests of justice as the bill of exceptions in a cause, nothing can be properly inserted unless allowed by the presiding judge, or

attested by the affidavits of two disinterested persons. *Simon v. Weigel*, 10 Iowa, 506. Thus it appears that the bill under consideration is not authenticated by the requisite number of competent affidavits.

2. The printed argument filed by the attorney for plaintiffs in error in this cause refers to the district judge in language that is wholly unnecessary and grossly improper. Due regard for professional courtesy as well as judicial dignity forbids the presence of such an argument upon the files of the court. *Brownell v. McCormick*, 14 Pacific Rep. 653, (7 Mont. 13); *Green v. Elbert*, 137 U. S. 615.

The writing purporting to be a bill of exceptions and also the printed argument of counsel for plaintiffs in error will be struck from the record and files of this cause; the residue of the motion is denied.

*Motion allowed in part.*