[No. 2410. Decided October 10, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Hiram Dustin, Respondent,* v. CLAUDE RUSK *et al., Appellants.*

STATUTES — REPEAL BY IMPLICATION — CONSTITUTIONAL LAW — TITLE OF
ACT — LEGISLATIVE CONTROL OF SUPERIOR COURT DISTRICTS.

The act of March 2, 1891. entitled "an act providing for judges and additional judges for the superior court in various counties in the state of Washington," etc., is repealed by implication by the act of March 19, 1895, entitled "an act in relation to superior courts and the election of superior court judges," as the plain intent of the legislature appears in the latter act to be to provide for the election of all the superior court judges of the state by the districts provided for in the act.

The subject matter of an act providing for the election of superior court judges by newly established districts is sufficiently embraced in the title reciting that it is "an act in relation to superior courts and the election of superior court judges."

Construing in the light of the circumstances surrounding the adoption of the constitution and the legislative construction thereof, art. 4, §5, of that instrument, which provides that "There shall be in each of the organized counties of this state a superior court, for which at least one judge must be elected by the qualified voters of the county at the general state election; provided, that until otherwise directed by the legislature" judges shall be elected pursuant

to certain groupings of counties set forth in such section, it must be held that it was thereby intended to vest in the legislature the discretion to determine as to when each of the counties should elect a judge for itself, and how the counties not entitled to so elect should be grouped for judicial purposes.

Appeal from Superior Court, Klickitat County.— Hon. SOLOMON SMITH, Judge.    Reversed.

*N. B. Brooks,* and *George N. Maddock,* for appellants.
*H. Dustin,* and *W. B. Presby,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—To sustain the judgment entered in the superior court, it is necessary to hold that the act of March 19, 1895, (Laws 1895, p. 176) entitled, "An act in relation to superior courts and the election of superior court judges," is unconstitutional, or that, if constitutional, the act of March 2, 1891, (Laws 1891, p. 117) entitled, "An act providing for judges and additional judges for the superior court in various counties in the state of Washington, and declaring an emergency," was not repealed thereby.

As to the latter proposition, it is sufficient to say that the plain intent of the legislature was to provide, not for the election of additional judges in certain counties or districts, but to provide for the election of all of the superior court judges of the state by districts provided for in the act.    This being the evident object of the act, it must be held to have repealed the act of 1891, notwithstanding the absence of any repealing clause.

The constitutionality of the act is attacked upon two grounds, (1) that the title does not sufficiently indicate the subject matter contained in the act; and (2) that the act is in contravention of § 5, art. 4 of the

constitution of the state. As to the first question.it is sufficient to say that the title sufficiently refers to superior courts and the election of superior court judges to make it competent for the legislature to enact anything relating to such courts or to the election of such judges. See *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520).

The other question is one of more difficulty. A technical construction of the language used in the constitution might warrant the contention that thereunder the legislature had no jurisdiction as to superior court districts or the judges thereof, except to declare when the grouping contained in the proviso to said section should terminate and the general provision therein contained be given force. But, under a more liberal construction of the language, it may well be held that it was the intention to vest in the legislature full discretion as to when each county should be authorized to elect its own judge, and how counties not entitled to elect their own judges should be grouped for judicial purposes, and the real question presented for decision upon this appeal is as to which of these two constructions shall obtain.

It may be conceded that the first is best warranted by the language used unaffected by the circumstances surrounding the adoption of the constitution and by the legislative construction which has obtained from the adoption of the constitution to the present time. But when examined in the light of such surroundings and such legislative action, we feel warranted in adopting the more liberal construction; first, for the reason that no act of the legislature should be declared unconstitutional unless it is so clearly so as to be beyond reasonable question; second, by reason of the serious consequences which would necessarily re-

sult from the technical construction.  If such techni-
cal construction were to be adopted, the act of 1891
would, in many of its features, be unconstitutional,
yet said act has, in all of its features, been acted upon
and superior court judges elected jointly by counties
grouped for that purpose, some of which would have
had no right to participate in such elections except
by force of said act.  It must follow that, under the
technical construction of the constitutional provision
it would be held that the judges so elected were at
most but *de facto* officers, and it might require much
litigation to determine whether or not they were
officers of any kind.  The legislature having adopted
a liberal construction of the constitutional provision
and the legislation enacted in pursuance of such con-
struction having been acquiesced in and acted upon,
must have great weight with the court and strongly
incline it to that construction if the language used
will at all justify it.

Beside, the technical construction would prevent
the legislature from taking steps which the highest
considerations of public policy and the economical
administration of governmental affairs might require.
Thereunder the legislature would be powerless to re-
duce the number of judges in the state by enlarging
any group of counties entitled jointly to elect a judge,
however much the business therein might decrease
and however clear it might be that an election by the
larger group would subserve the public interests.

In our opinion, no great violence is done to the
language of the section of the constitution under con-
sideration when taken as a whole by holding that
thereby it was intended to vest in the legislature the
discretion to determine as to when each of the coun-
ties should elect a judge for itself, and how the coun-

ties not entitled to so elect should be grouped for judicial purposes.

It follows from what we have said that the county of Klickitat is not entitled to elect a judge for itself at the coming election, but must act jointly with the counties of Skamania, Clarke and Cowlitz in the election of a judge for the district composed of those counties and itself.

The judgment will be reversed and the cause remanded with instructions to the superior court to dismiss the proceeding.

DUNBAR and SCOTT, JJ., concur.

ANDERS, J., dissents.