[No. 4095. Decided March 7, 1902.]

FRED SAWDEY, *Appellant,* v. SPOKANE FALLS AND NORTHERN RAILWAY COMPANY, *Respondent.*

BRIEFS — ASPERSIONS ON TRIAL COURT.

An appellant's brief will be stricken from the files of the supreme court, when it characterizes the action of the trial court in discharging a jury and entering judgment for defendant as "an uncommon example of judicial ignorance and extra judicial assumption of power and usurpation of the functions of the jury."

SAME — IMPERTINENT LANGUAGE IN RESPONDENT'S BRIEF — JUSTI-
FICATION FOR.

Respondent's brief will not be stricken on the ground of con-
taining scurrilous, scandalous and impertinent matter in that it
refers to appellant's brief as a "coarse and brutal aspersion upon
the trial court," and adds "it is easy to conceive how one so lost
to all sense of propriety as to refer to an upright judge in lan-
guage so coarse," etc., where such denunciation has been pro-
voked by the language used by appellant in his brief.

SAME — MISREPRESENTATION OF RECORD.

A brief will not be stricken on the ground that it misstates
the facts and misrepresents the record, but the court determines
for itself in considering the case what the real facts are from
an examination of the record.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.   Motion to strike brief.

*Barnes & Latimer,* for appellant.

*Will H. Thompson* and *Merritt J. Gordon,* for re-
spondent.

The opinion of the court was delivered by

ANDERS, J.—Appellant instituted this action against
the respondent to recover damages for the alleged mal-
practice of respondent's surgeon in treating a fracture of
appellant's femur.

We deem it unnecessary at this time to set forth spe-
cifically all the facts disclosed by the record, for the rea-
son that we are called upon at the threshold of the case
to determine a question having no bearing upon the merits
of the controversy between the parties to the action.   The
respondent moves to strike from the files of this court the
brief of appellant, and affirm the order and judgment of
the lower court, for the reason that "the brief refers to
the trial judge in language grossly discourteous, unprofes-
sional, and coarse, and is scandalous and impertinent."   It

appears that the judge before whom the cause was tried, on motion of defendant, discharged the jury and entered judgment for the defendant. Counsel for the appellant, in their able and otherwise unobjectionable brief, make use of the following language with reference to the above-mentioned ruling of the court:

"The action of the court below was . . . an uncommon example of judicial ignorance and extrajudicial assumption of power and usurpation of the functions of the jury."

It is insisted by the learned counsel for the respondent that this language is grossly discourteous, unprofessional, scandalous, and impertinent, and is a coarse and brutal aspersion upon the trial court, and hence should not be permitted to remain on the files of this court; and the following cases are cited in support of their contention: *Green v. Elbert,* 137 U. S. 615 (11 Sup. Ct. 188); *Diamond Tunnel, etc., Co. v. Faulkner,* 17 Colo. 9 (28 Pac. 472); *Tomlinson v. Territory,* 7 N. M. 195 (33 Pac. 950); *Brownell v. McCormick,* 7 Mont. 12 (14 Pac. 652).

Appellant's counsel offer no apology for, or retraction of, the language in their printed brief, which we have quoted. On the contrary, they earnestly contend that the language used in their opening brief does not in the least degree intrench upon the strictest rules of propriety or professional ethics; that it is not unprofessional; that it is not scandalous; that it is not impertinent; that it is not brutal, and that it is not an aspersion upon the trial judge, but is entirely proper, pertinent, and unexceptionable. And, in support of their position, they argue that an assignment of error is an assignment of ignorance, for error implies ignorance; that to charge gross, palpable, or manifest error,—terms which are commonly found in

briefs filed in appellate courts,—is to charge uncommon error, which is uncommon ignorance; and that to say that the action of the court was an "extrajudicial assumption of power" was to say that the judge assumed to decide that which did not belong to the judge to determine; and, in short, that the present controversy resolves itself into a mere matter of selection of words to express the same meaning.

But we are unable to accept as sound either the reasoning or the conclusion indicated in this argument. To charge a court with an exhibition of uncommon "judicial ignorance" is not, in our opinion, equivalent to charging it with the commission of manifest, palpable, or gross error. It would not be correct to say that an assignment of error in a legal proceeding necessarily implies ignorance on the part of the court, for everybody knows that the wisest and most conscientious judges are liable, like other men, to err in matters requiring the exercise of judgment or discretion. If counsel, in this instance, intended, as they seem to claim, simply to allege in a proper and unobjectionable manner that the trial court committed error in its ruling, it would seem that they were extremely unfortunate in the "selection of words" to express such intention. The meaning of the language objected to is so plain and obvious that it cannot be changed by any amount of subtle reasoning or plausible argument. Of course, counsel have the right to allege errors, to comment on the rulings and decisions of the court, to present their views upon pertinent questions of law or fact, and to maintain the same freely and fully by argument; but in so doing it is their duty to keep strictly within the bounds of professional propriety, and especially to abstain from all disrespectful and discourteous expressions in regard to the court. The

duties of attorneys are prescribed by law in this state, and, among other provisions of the statute, is the following: "It shall be the duty of an attorney and counselor,—(2) To maintain the respect due to the courts of justice and judicial officers." And we are compelled to say,—though not without regret,—that the language of this brief presents a conspicuous example of a violation of the duty thus enjoined upon counsel. The learned superior court was in duty bound to pass upon the motion presented by the respondent, and the language of counsel for appellant with reference to its action thereon is wholly improper and indefensible, and cannot be tolerated or overlooked by this court. And we are therefore constrained to say, as the supreme court of Colorado said in *Diamond Tunnel, etc., Co. v. Faulkner, supra,* that "Due regard for professional courtesy, as well as judicial dignity, forbids the presence of such an argument on the files of the court." The brief of the appellant will therefore be stricken from the files.

We come now to another matter which is presented for our consideration. The appellant moves to strike the brief of the respondent upon the grounds: (1) That said brief contains scurrilous, scandalous, and impertinent matter; and (2) that said brief *misstates* the facts and *misrepresents* the record in parts thereof material to the proper understanding and disposition of the case. The first ground of this motion is predicated in part upon the language used by respondent in its motion to strike appellant's brief, and which is above set forth, and partly upon assertions contained in the printed argument of the respondent. In respondent's argument the language of the appellant in reference to the action of the trial court is characterized as a transgression of the bounds of propriety, and as a "coarse

and brutal aspersion upon the trial court." And it is fur-
ther stated that "it is easy to conceive how one so lost to
all sense of propriety as to refer to an upright judge in
language so coarse as that which immediately follows what
has just been quoted," etc. Conceding that this lan-
guage, and especially that portion of it in reference to the
sense of propriety of counsel for appellant, is unnecessarily
caustic, and not to be commended, still, inasmuch as appel-
lant's counsel are themselves not "without sin" in regard
to their own language, they are not in a position to urge
the application of the strict rules of professional ethics
in their behalf. In their reply brief they say:

"We submit that the groundless and defamatory matter
contained in respondent's motion and brief merit the cen-
sure of this court. The utter groundlessness of the serious
charges made therein suggests a disingenuous attempt on
the part of counsel for respondent to establish themselves
in the estimation, good will, and favor of the court below
by a pretended defense of him from some purely feigned
and imaginary charge, and thereby to promote and advance
their interests in that direction."

This statement constitutes, in our judgment, a direct
impugnment not only of the conduct, but of the motives
and character, of opposing counsel; and such language can-
not be approved, or even tolerated, by a court of justice,
unless it appears to be warranted by absolute knowledge
of the facts stated or implied. And, in this instance, we
fail to perceive anything in respondent's brief sufficient
to justify these observations on the part of appellant's
counsel. The second ground of appellant's motion re-
quires no extended discussion. The rules of this court
provide that the briefs shall contain a clear statement of
the case so far as deemed material by the party, with refer-
ence to the pages of the transcript for verification. This

branch of the motion is, as we have seen, based upon the assumption that respondent's brief misstates the facts and misrepresents the record as to matters material to the proper understanding and disposition of the case. The brief of appellant is in accordance with the rules of this court. It contains a statement of the case so far as deemed material by appellant, together with references to the pages of the record for verification of the facts; and we are pleased to assume, as we do in all cases, that the statements therein are made "upon the professional honor of counsel." But counsel for respondent contend that the statement in appellant's brief is not a full and fair statement of the case, and is misleading, and they refer to the record as supporting their contention. On the other hand, it is claimed, or at least argued, on behalf of appellant, that counsel for respondent omitted to state in their brief certain facts appearing in the record, because inconsistent with their contention. But we see no ground whatever for this accusation. We are far from being convinced that counsel for either appellant or respondent have misstated, or omitted to state, facts for the purpose of misleading the court or of maintaining an untenable position. It is simply a case of disagreement between counsel as to the facts disclosed by the record, and, under such circumstances, this court itself determines what the real facts are from an examination of the record. The motion to strike the respondent's brief must be denied.

Although we think we would be warranted by the authorities in granting the respondent's motion to affirm the judgment, we have concluded to hold the case for trial upon its merits, provided the appellant shall, within thirty days after notice of the filing of this opinion, prepare and serve a proper brief. In default of preparing and serving

such brief within said time, the judgment will be affirmed. The costs of this motion will be taxed to counsel for appellant.

REAVIS, C. J., and HADLEY, FULLERTON, WHITE, MOUNT and DUNBAR, JJ., concur.