[No. 7378. Decided June 17, 1908.]

AMERICAN BONDING COMPANY OF BALTIMORE, *Respondent*, v.
ABEL H. DUFUR *et al., Appellants*.[1]

JUDGES—QUALIFICATIONS—RESIDENCE—COURTS — JURISDICTION. It
is not a valid objection to the jurisdiction of the superior court that
the judge was not a resident of the county, the constitution not re-
quiring a local judge in each county.

INDEMNITY—CONTRACT—ACTIONS— PLEADING — ANSWER — SUFFICI-
ENCY. An answer in an action upon a contract to indemnify a surety
company from liability on a forthcoming bond given for the defend-
ants, is insufficient where there was no denial of the execution of the
bond, or of the recovery of the judgment thereon against the plaintiff,
or of the payment of the judgment, or of notice to the defendants to
appear and defend the action on the bond, or any allegation of fraud,
payment or other defense.

JUDGMENT—BY DEFAULT—TRIAL. Where defendants were in de-
fault, and the court ordered judgment of default unless an answer
should be filed showing a meritorious defense, and answers were filed
showing no defense, the answers may be stricken and judgment of
default entered.

INDEMNITY—CONTRACTS OF—ACTIONS—DEFENSES — COMPENSATION
FOR EXECUTING BOND. It is no defense to an action to indemnify a
surety company on a contract from liability on a forthcoming bond,
that the defendants had compensated the surety company by pay-
ment of $15 as consideration for executing the bond, where defend-
ants had especially contracted with the surety company to hold it
harmless from damages of any kind.

SAME—CONTRACTS OF—ATTORNEY'S FEES AS DAMAGES. In an ac-
tion on a contract to indemnify a surety company from liability on a
bond given, an attorney's fee for prosecuting the action may be al-
lowed as part of the damages, where the contract provides for the
payment of such an attorney's fee.

Appeal from a judgment of the superior court for Cowlitz
county, McCredie, J., entered December 2, 1907, upon find-
ings in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action on a liability incurred
under a surety bond. Affirmed.

[1]Reported in 96 Pac. 160.

*John F. Dufur* and *E. B. Dufur*, for appellants.

*Blattner & Chester,* for respondent.

DUNBAR, J.—The complaint in this case stated, in sub-
stance, that the plaintiff was a corporation entitled to trans-
act business in this country, etc., and empowered to become
surety upon judicial bonds; that on the 19th day of Septem-
ber, 1904, it had become surety upon a forthcoming bond in
an action then pending in the superior court of the state of
Washington, wherein one Timothy L. Driscoll was plaintiff
and the appellants herein appeared as defendants; that the
said Driscoll obtained judgment in said action; that there-
after the said Driscoll sued the plaintiff upon said bond; that
plaintiff appeared in the action, defended the same, and that
Driscoll recovered judgment of the plaintiff in the sum of
$842.25, and his costs and disbursements taxed in the sum
of $29.90, being $872.15; that thereafter plaintiff paid and
satisfied said judgment in full in the sum of $872.15; that in
the defense of said cause the plaintiff incurred in all, expenses
amounting to $171.35, the expenses being itemized in the
complaint; that the plaintiff notified the defendants that suit
had been instituted, and requested the defendants to appear
and defend the same; again notified the defendants that the
said cause had been set for trial for September 24, 1907, and
again requested them to appear and defend the cause; but
that said defendants did not appear or offer to defend the
same; that the plaintiff defended said cause at its own cost
and expense; that a reasonable attorney's fee for the prose-
cution of this case is $125; and asked for judgment in the
sum of $1,127.26, and for costs taxed at $17.20. On Novem-
ber 7, 1907, defendant John Dufur filed an objection to the
jurisdiction of the court, and the hearing was noted for
November 11, and was on that day overruled. The other
defendants not appearing, plaintiff moved for judgment by
default. Motion was not granted, and the defendants were

allowed five days' time from that date in which to file an answer.

On the 12th day of November, defendants filed another objection to the jurisdiction of the court, based on affidavits. The plaintiff thereupon moved to strike said affidavits and objection, for the reason that they were sham, frivolous, and irrelevant, and further moved for judgment for default; and said motions for default and to strike the affidavits were set for hearing on the 25th day of November. On that day the motions were called for hearing and were stricken by the court on the ground that they were sham, frivolous, and irrelevant, and did not constitute pleadings, and were not in compliance with the order of the court theretofore made. The court further ordered that said defendants were in default, and that judgment of default would be rendered against them unless they should file and serve upon plaintiff's attorneys an answer to the complaint, which answer should disclose a meritorious defense. Thereafter defendants each filed separate demurrers to the complaint, which demurrers were afterwards overruled, answers were filed, and motion was made to strike the answers for the reason that they did not disclose a meritorious defense, which said motion was granted. The case was then continued until the 2d day of December, 1907, for the purpose of taking proof as to the amount of damages sustained by plaintiff. Thereafter, on the 2d day of December, 1907, the cause came on for trial, and the defendants appeared by their respective attorneys, and the court made its findings of fact and conclusions of law and entered judgment for the plaintiff in the sum of $1,127.26, and costs taxed at $17.20. From that judgment, this appeal is taken.

Appellants' brief is so rambling, vituperative, and discourteous to the trial court that, had there been a motion to strike it, the motion would probably have been sustained, as a brief of this kind has no place in the records of this court

and is no aid to the court in determining legal questions involved in a lawsuit. But as no motion has been made to strike the brief and affirm the judgment, we have undertaken to discover what the merits of the controversy are.

The first error assigned is that the court erred in overruling the objection to the jurisdiction. This motion was based upon the claim that, under the constitution, each county in the state was entitled to a judge, and that Honorable W. W. McCredie who tried the case was a resident of Clarke county, and not of Cowlitz county where the cause was tried. There is no merit in this contention. *State ex rel. Dustin v. Rusk*, 15 Wash. 403, 46 Pac. 387.

The demurrers were properly sustained. The answers are too long to set up here, but they constituted no defense whatever to the complaint. This was a simple action on a liability incurred under a bond given by respondent to the appellants, and under a special provision in the bond that the applicants, appellants here, would at all times indemnify and keep indemnified and save harmless the said company from and against all loss, liability, costs, damages, charges, counsel fees, and expenses whatsoever which said company should or might for any cause at any time sustain, incur, or be put to, for or by reason or in consequence of said company having executed said bond. There is no denial of the execution of the bond, or of the recovery of the judgment against the respondent, or the payment thereof; nor is there any denial that the appellants were notified to appear and defend against said action. It is difficult to comprehend what answer there could be to an action of this kind in the absence of a denial of the execution of the bond, or the rendering of the judgment against the respondent, or an allegation of collusion or fraud, or an allegation of the payment of the judgment.

The third assignment is that the court erred in ordering a default, but the appellants were so plainly in default and

acted so directly in opposition to the orders of the court that this assignment is not discussable.

It is the contention of the appellants that they were under no obligation to answer for the judgment against respond-, ent, for the reason that they paid it $15 as compensation for its executing a bond in their favor, or rather for appearing as surety upon their bond. A sufficient answer to this contention is that they especially contracted in their agreement with the bonding company to hold it harmless for damages of any kind.

It is also earnestly urged that in any event no attorney's fees should have been allowed in this case, but the same contract provides for the payment by the appellants of attorney's fees; and the appellants agreed that the court in this case should fix the amount of attorney's fees, provided it was proper for any attorney's fees to be allowed, and it was proper under the conditions of the agreement.

We do not feel called upon to answer the appellants' aspersions upon the action of the trial court. A perusal of the record satisfies us that the court acted well within its discretion, and that the appellants were not deprived of any rights which they were entitled to under the law.

The judgment is therefore affirmed.

HADLEY, C. J., CROW, MOUNT, ROOT, FULLERTON, and RUDKIN, JJ., concur.