[No. 32924. Department One. May 5, 1955.]

ROBERT L. KELLOGG, *Appellant*, v. BERTINE WILCOX, *Respondent*.[1]

[1]Reported in 283 P. (2d) 677.

*James O. Ballou,* for appellant.

*Ferguson & Burdell, W. H. Ferguson,* and *Donald McL. Davidson,* for respondent.

DONWORTH, J.—This is an action by a building contractor to foreclose a lien claim in the amount of $11,371.31, which he alleged was the unpaid balance due for constructing a three-dwelling apartment house on a cost plus ten per cent basis.

Defendant admitted the construction of the building, but in her cross-complaint alleged that the parties had entered into a written contract whereby plaintiff undertook to build the triplex for thirty-five thousand dollars, which she had fully paid. She also alleged that plaintiff had failed to properly perform the contract in several particulars, for which she sought reimbursement in the total amount of $2,919.73.

In his reply, plaintiff denied the material allegations of the cross-complaint and alleged a mutual mistake of fact between the parties as to the contract, and, on a *quantum meruit* basis, sought recovery of the items set forth in the complaint.

A trial was had on these issues, which lasted five days. The testimony comprises nearly eight hundred pages, and more than fifty exhibits were admitted in evidence. After the trial, the court took the case under advisement and later filed a memorandum opinion holding that the parties had entered into a lump sum contract for thirty-five thousand dollars, which sum defendant had paid to plaintiff. The court further held that defendant should recover eight items of breach of contract under her cross-complaint aggregating $1,324.97, and, as an offset, the court allowed plaintiff recovery for nine changes and additions ordered by defendant during the construction totaling $453, leaving a net balance due defendant of $871.97.

Findings of fact and conclusions of law were entered in accordance with the memorandum opinion. After plaintiff's motion for new trial was argued and denied, the court entered its judgment dismissing the complaint and awarding recovery of $871.97 to defendant on her cross-complaint.

Plaintiff has appealed from this judgment and in his brief sets forth thirty-nine assignments of error. In addition to his argument in support of certain of these assignments, plaintiff refers us to sixty-three places in the statement of facts where he claims that the trial court erroneously admitted or rejected certain testimony.

Respondent has moved to strike appellant's brief on the ground it contains scandalous attacks on the demeanor and even the integrity of the trial judge in the conduct of the trial without any foundation therefor in the record. We have given careful consideration to the several instances where appellant's brief makes reference to the trial judge's attitude toward appellant's counsel and find no justification whatever for the intemperate language used.

In *Sawdey v. Spokane Falls & Northern R. Co.*, 27 Wash. 536, 67 Pac. 1094, and in *Coates v. Seattle Electric Co.*, 37 Wash. 8, 79 Pac. 484, we granted similar motions for the reason that appellant's brief was disrespectful of the trial judge without the slightest justification. In the *Sawdey* case, we said:

"If counsel, in this instance, intended, as they seem to claim, simply to allege in a proper and unobjectionable manner that the trial court committed error in its ruling, it would seem that they were extremely unfortunate in the 'selection of words' to express such intention. The meaning of the language objected to is so plain and obvious that it cannot be changed by any amount of subtle reasoning or plausible argument. Of course, counsel have the right to allege errors, to comment on the rulings and decisions of the court, to present their views upon pertinent questions of law or fact, and to maintain the same freely and fully by argument; but in so doing it is their duty to keep strictly within the bounds of professional propriety, and especially to abstain from all disrespectful and discourteous expressions in regard to the court. The duties of attorneys are prescribed by law in this state, and, among other provisions of the statute, is the following: 'It shall be the duty of an attorney and counselor,—(2) To maintain the respect due to the courts of justice and judicial officers.' And we are compelled to say,—though not without regret,—that the language of this brief presents a conspicuous example of a violation of the duty thus enjoined upon counsel. The learned superior court was in duty bound to pass upon the motion presented by the respondent, and the language of counsel for appellant with reference to its action thereon is wholly improper and indefensible, and cannot be tolerated or overlooked by this court."

Similarly in *American Bonding Co. v. Dufur*, 49 Wash. 632, 96 Pac. 160, appellant's brief contained discourteous and impertinent language in referring to the trial judge. No motion to strike the brief was made and the case was decided on the merits.

The most recent case which we have found involving a similar situation is *Pasco Fruit Lands Co. v. Timmermann*, 88 Wash. 112, 152 Pac. 675, where, in passing upon a motion to strike appellants' brief upon the same ground as urged here, we said:

"Respondents move to strike appellants' brief because of the use of discourteous language in referring to the trial judge. The language complained of will not be set forth. It merits the charge made against it, and counsel for appellants are censured for its use. To strike the brief, however, would mean either that the court must assume the added

burden of reviewing the case without the aid of appellants' brief, or we must order the filing of a new brief and await the determination of the appeal until its arrival and examination. The first of these alternatives we do not care to assume. The second would only mean additional cost and delay to both parties. We have, therefore, concluded, since the language complained of cannot be overlooked and deserves more than censure, to disallow appellants the cost of printing their opening brief of 117 pages, and it is so ordered."

Since upon our consideration of the merits (as hereinafter discussed) we have come to the conclusion that the judgment of the trial court in this case must be affirmed, we are unable to impose the penalty of disallowing the cost of printing appellant's brief, as was done in the *Timmermann* case.

In the present case, the trial judge conducted the trial with patience, dignity, and impartiality. We are of the opinion that counsel for appellant should be censured for the language used in his brief in reference to a number of the trial court's rulings, and that we would be entirely justified in granting respondent's motion to strike appellant's brief. However, as pointed out in the *Timmermann* case, this would mean additional cost and delay to both parties. Since no penalty by way of disallowance of costs is available, we have determined to, and hereby do, reprimand appellant's counsel, deny the motion to strike the brief, and proceed to a consideration of the merits of the case. In so doing, of course, appellant's assignments of error are being considered by this court in the same manner as they would have been if his brief had contained no improper characterization of the proceedings in the trial court. *Shannon v. Loeb*, 65 Wash. 640, 118 Pac. 823.

We now come to a consideration of the first assignment of error, which challenges finding of fact No. VI. This relates to the principal issue of fact in this case, which was whether there was an oral cost plus ten per cent contract between the parties to build the triplex or a written fixed sum contract to build it for thirty-five thousand dollars. Except for one discussion at which respondent's architect was present, all

negotiations between the parties took place when they were alone. The determination of this issue depends upon the relative credibility of the two litigants.

In its memorandum opinion, and in its findings of fact, the trial court found in favor of respondent on this vital issue. In the memorandum opinion, the trial court summed up the evidence as follows:

"After careful consideration of all the testimony, it is my conclusion that the plaintiff has failed to sustain the burden of proof in showing that a contract was entered into upon a cost plus basis and has failed to show that he is entitled to recover the amount contended for upon a quantum meruit basis. On the other hand, I am convinced from all the evidence that the plaintiff made a written proposal, plaintiff's Exhibit B, which was modified, amended and initialed by the parties, wherein he agreed to construct the building for $35,000.00; that within a short time after the proposal was submitted, the defendant accepted it and the parties proceeded thereunder, and the plaintiff has been paid in full."

Appellant, in his brief, quotes from the testimony of respondent given at the trial and in her discovery deposition, and refers to certain exhibits for the purpose of demonstrating that the evidence preponderates against finding No. VI. From our examination of the entire record, we cannot say that the evidence preponderates against this finding, and, consequently, we must accept it as a verity. *Corbett v. Ticktin*, 43 Wn. (2d) 248, 260 P. (2d) 895.

The trial court, after hearing the contradictory versions of the negotiations and dealings between the parties, chose to believe respondent. In *McDonald v. Wockner*, 44 Wn. (2d) 261, 267 P. (2d) 97, a case involving the relative credibility of the two litigants, we quoted with approval the following statement from *Lalley v. Lalley*, 43 Wn. (2d) 192, 260 P. (2d) 905:

" 'Appellant and respondent were the only witnesses. Two theories were presented. The trial court, as the trier of the facts, rejected one and accepted the other. The record does not disclose that the evidence preponderates against the findings of fact. *Peterson v. Schoonover*, 42 Wn. (2d) 621, 257 P. (2d) 209.' "

Appellant contends that the trial court was influenced in disbelieving his testimony because of several incidents occurring during the trial which were "grossly prejudicial to appellant's veracity." For example, appellant was asked on cross-examination whether, while he was building another building, the owner thereof had not discovered that some labor items charged to him were also being simultaneously charged to two other jobs. Appellant moved to strike the question (which motion was granted) and for a mistrial (which was denied). There was, of course, no answer given by appellant to this question.

Another incident of which very serious complaint is made by appellant occurred when respondent testified that, after the construction was completed, she had mailed a check for one thousand dollars to appellant in June, 1953, on the border of which she had typed "Final payment on firm bid of $35,000." When the check was returned to respondent after having been cashed by appellant, the portion bearing the quoted inscription had been removed. The check was admitted in evidence and appears to have been trimmed at one end. No one testified or intimated that appellant trimmed the check. He denied doing so.

Appellant's position regarding the prejudicial effect of these two incidents is stated in his brief as follows:

"The total effect of these two things was to accuse appellant of:

"1. Making triple charge for the same workmen on the Rankin job.

"2. Cutting off the words on Exhibit 21 [the check] and then cashing the same and thereby dishonestly destroying respondent's proof of payment in full.

"Appellant submits that any litigant who would do the things of which appellant was accused could not be believed by any court."

As to the first matter, we cannot see how, in a case tried to the court without a jury, appellant could have been prejudiced by the trial court's hearing a question asked of appellant. We must assume, in the absence of any indication in the record to the contrary, that the trial court arrived at

its decision without giving any consideration to a question asked a witness on cross-examination which was stricken and not answered. Even if the question had been answered in the affirmative and later stricken, we would not presume that the trial court was incapable of ignoring incompetent or immaterial evidence in arriving at its decision. *Davis v. Seattle*, 134 Wash. 1, 235 Pac. 4, 44 A. L. R. 1490. The asking of such a question without more could hardly be prejudicial when no jury was present. It was not error to deny a mistrial.

The second matter was the subject of further discussion during the trial. Later in the case, counsel for appellant asked respondent on cross-examination whether she had ever told her then attorney (who did not represent her at the trial) concerning the trimmed check. The trial court sustained an objection that this was not proper cross-examination. Respondent then consented to her former attorney's testifying concerning conversations between them. He was called and testified that he had never seen the check then in evidence and that he had no recollection of respondent's having contended that appellant had defaced a check and cashed it.

Respondent had previously testified, on cross-examination, that there had been a conference between the parties and their respective counsel held at the request of respondent (after the lien claim had been filed) for the purpose of discussing this matter. She was asked if at this conference she had mentioned the trimmed check. Objection was made that this was improper cross-examination and that the discussions had were for the purpose of effecting a compromise and were not admissible. The objection was sustained.

Appellant later called in rebuttal one of his own counsel (who withdrew from the case), who testified that there was such a conference and that he had never heard of the check until shortly before the trial. The witness was asked concerning the origin of the conference between the parties referred to above. Upon objection thereto being sustained, appellant offered to prove by this witness that respondent's

counsel had suggested the meeting for the purpose of proving to appellant and his counsel that there was a fixed price contract. The trial court declined to receive such testimony.

The witness then testified that there was a conference between the parties and their respective counsel, and that he had not seen the check prior to trial and had not heard of it until discovery depositions were taken. The trial court sustained an objection to what was said at the conference and declined to permit testimony in accordance with a second offer of proof.

The purpose of appellant's offers was to show that at this conference, which was held at the suggestion of respondent's counsel to convince appellant and his counsel that the parties had entered into a fixed sum contract, which she had paid in full, respondent never once mentioned the check.

Appellant made no attempt to call respondent as an adverse witness on rebuttal. What her answer would have been if she had then been asked whether she had mentioned the check at the conference, we have no means of knowing. In the absence of a proper showing that her answer would have been favorable to appellant's contention, we cannot presume any error. *Hightower v. Union Savings & Trust Co.*, 88 Wash. 179, 152 Pac. 1015.

We think that there was no prejudicial error in the trial court's rulings on respondent's various objections or appellant's several offers of proof regarding the check. In this case, respondent did not plead or attempt to prove an accord and satisfaction based on the alleged notation which she said she had placed on the check. The court made no finding as to who trimmed the check or when it was done.

Appellant refers to *Berliner v. Greenberg*, 37 Wn. (2d) 308, 223 P. (2d) 598, as stating an exception to the general rule that admissions or failure to controvert matters in dispute made during an attempt to compromise them cannot be used against either party. In that case, the exception was applied to a written statement of an independent fact which was not a part of any proposed compromise. This exception does not apply to this case, where the matter of the trimmed

check cannot be held to be an independent fact because it was appellant's contention that it was not mentioned at the conference.

Appellant's principal complaint regarding these rulings appears to be that the check incident is one of the reasons why the trial court chose to believe respondent instead of appellant on the main issue in the case. However, there is nothing in its memorandum opinion or elsewhere in the record to support this contention.

In his brief, appellant plainly states his purpose as being that he wished to prove that *respondent* trimmed the check. This is inconsistent with his contention that the offered evidence should have been admitted in order to clear appellant of any imputation which would adversely affect his credibility. At page 109, appellant says:

"It is the contention of appellant that Exhibit 21 [the check] was mutilated *by respondent herself* after the exhibit was returned to her from the bank. This was incapable of direct proof. What stronger proof there could possibly be in the absence of direct proof such as the testimony of a witness who saw her trim the check or a witness who heard her admit trimming the check, it is impossible to conceive, than to show that she never even told her lawyer and that she went to a conference to prove the thing shown by the check and never even presented the check as proof or mentioned it.

"Appellant was entirely precluded from the presentation of this important evidence by three misconceptions of the trial court. Thereafter the litigation was decided against appellant upon the basis that respondent was to be believed, and appellant disbelieved. Where appellant is denied an opportunity *to combat this serious charge* by the best obtainable evidence other than his categorical denial, how can it possibly be said that he has not been harmed?" (Italics ours.)

These two positions are inconsistent. No charge was made against appellant, but appellant now says he wanted to prove that respondent mutilated the check. The whole matter of the check trimming was entirely collateral to the principal issue in the case, and the court committed no error to appellant's prejudice in regard to it.

The sixth assignment relates to the refusal of the court to admit in evidence respondent's entire discovery deposition. The court reserved its ruling at the time it was offered and, after the trial, filed a special memorandum opinion holding that it was inadmissible, citing *Mosler v. Woodell,* 189 Wash. 583, 66 P. (2d) 353, which was based on the then existing rules.

Rule 26 of Rules of Pleading, Practice & Procedure, 34A Wn. (2d) 84, subdivision (d)(3), reads as follows:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose *if the court finds*: 1, that the witness is dead; or 2, that the witness resides out of the county and more than twenty miles from the place of trial, unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." (Italics ours.)

Since respondent was present at the trial and testified fully, the admission of her entire deposition would not aid the court in deciding the case. Under the above-quoted rule, the trial court properly refused to admit it. See, also, *Lashbrook v. Spokane-Wallace Stages,* 168 Wash. 24, 10 P. (2d) 241.

Appellant complains in eight assignments of error concerning the court's allowance of eight items claimed by respondent to have been omitted or improperly done by him. In her cross-complaint, respondent claimed eleven items of breach of contract aggregating $2,919.73. At appellant's request, the trial judge viewed the building. The evidence convinced the trial court that respondent had maintained the burden of proof as to eight of these items and allowed a total recovery of $1,324.97, as stated in finding No. IX. We cannot say from our examination of the record that the evi-

dence preponderates against this finding, nor that there was any prejudicial error in rulings made regarding the admission of evidence. What we have just said also applies to appellant's further contention that larger allowances should have been granted him for changes or extra work ordered by respondent during the period of construction. Of course, as to these latter items, the burden of proof was on him.

In the last fifty pages of his brief, appellant invites our attention to sixty-three specific instances where he claims that error was committed in the admission or rejection of testimony by the trial court. We will not discuss these in detail, since to do so would add unduly to the length of this opinion. We have considered each of these alleged errors (many of which appellant concedes were not prejudicial) and do not find that any of them was, or all of them collectively were, sufficiently prejudicial to appellant to warrant the granting of a new trial.

After reviewing the lengthy statement of facts, the numerous exhibits, and the transcript of record, we cannot say that the evidence preponderates against any of the trial court's findings of fact. It found that appellant had not met the burden of proof which rested upon him to sustain the allegations of his complaint (except as to the nine extra items).

We are convinced that appellant had a fair trial, and that the judgment of the trial court must be, and hereby is, in all respects affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.

---

ON PETITION FOR REHEARING
[July 21, 1955.]

PER CURIAM.—A petition for rehearing has been filed, calling attention to subdivision (d) (2) of Rule 26, Rules of Pleading, Practice and Procedure, reading in part as follows:

"(2) The deposition of a party . . . may be used by an adverse party *for any purpose.*" (Italics ours.)

In our original opinion, in discussing appellant's sixth assignment of error, we referred to and quoted subdivision (d) (3) of Rule 26, on which the trial court relied in refusing to admit respondent's deposition. This deposition was offered on rebuttal.

However, even under subdivision (d) (2) of Rule 26, it is not mandatory for the trial court to admit a party's deposition in evidence whenever it is offered in evidence by his opponent. We cannot say that the trial court abused its discretion in refusing to admit respondent's deposition, under the circumstances of this case.

July 21, 1955. Petition for rehearing denied.