[No. 11318. Department One. March 28, 1914.]

JACOB C. TORGESON, *Respondent*, v. CLARENCE HANFORD
*et al., Appellants.*[1]

PARENT AND CHILD—LOSS OF SERVICES—EARNING ABILITY — EVIDENCE—ADMISSIBILITY. In an action by a father for the loss of services of a son, injured by defendant's automobile, the value of his services cannot be based upon an income arising from tips received in connection with his sale of papers, as the same is too indefinite and uncertain, but should be confined to compensation received from other sources.

DAMAGES—MEDICAL AND HOSPITAL EXPENSES—REASONABLE VALUE. In an action for medical services and hospital fees paid out by a father for his son, injured by the defendants' automobile, the defendants are not bound by a judgment therefor recovered against the father by the doctor, but are liable only for the reasonable value of the services; and it is error to submit the issue without evidence of the reasonable value.

EVIDENCE—RES GESTAE—OPINIONS. In an action for the loss of services of a son injured by the defendants' automobile, the statement of a police officer, who was in the vicinity and made inquiries

[1]Reported in 139 Pac. 648.

at the time, as to whether there had been a violation of the city ordinances, is not admissible as part of the *res gestae;* since it would be an expression of his opinion.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 8, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Peters & Powell,* for appellants.

*Vince H. Faben,* for respondent.

MAIN, J.—The purpose of this action was to recover for medical attendance, for hospital fees, and for the loss of services of the plaintiff's son, Albert Torgeson, a newsboy, who, on the 17th day of September, 1908, was injured by an automobile owned by Clarence Hanford, one of the defendants, while it was being driven by his son, Lauron Hanford.

Subsequent to the accident, the father, as guardian *ad litem* for his son, brought suit against Clarence Hanford to recover damages for personal injuries, which resulted in a verdict and judgment in the sum of $750, which judgment has been paid. At about the same time, the present action was brought by Jacob Torgeson, the father of Albert, for the purposes indicated. He claimed $5,000 for loss of services, and $500 for medical attendance and hospital fees. The cause was tried to the court and a jury, and resulted in a verdict of $500. The defendants have appealed.

Prior to the trial of the present case, suit had been brought against Jacob Torgeson by one Dr. Brown, who attended the son at the time of the injury, for services rendered, which resulted in a judgment of $400, apparently by default. Further facts will be noticed in connection with the discussion of the questions presented.

The questions here for determination are, first, was the evidence as to the value of the son's services, based in part upon tips received, sufficiently definite and certain; second,

did the trial court err in admitting evidence as to the physician's services and the hospital fees without a showing that the respective amounts claimed was the reasonable value thereof; and third, was error committed in refusing evidence offered as a part of the *res gestae?*

I.   It is first claimed that the evidence offered as to the value of the son's services was too indefinite and uncertain. The boy was eleven years old at the time of the accident. In the evening after school hours, he was engaged in the sale of newspapers. The receipts from each day's business were turned over to the father. No account of the same had been kept. The father testified that he did not know what the son's earning capacity was. The son testified that his earnings varied from about fifty or seventy-five cents per day to two or three dollars, but that the average approximated one dollar per day. A portion of this income was from tips received in connection with the sale of papers. The evidence does not segregate that portion which came from tips from that which was received from the disposition of papers at the price fixed for their sale. The value of services cannot be based upon an income arising from tips. If for no other reason, it is too indefinite and uncertain in amount. The evidence as to the son's income should have been confined to compensation received from other sources.

II.   Upon the trial, the respondent, in attempting to establish his claim for medical services and hospital fees, testified directly that a judgment had been rendered against him at the suit of the doctor in the sum of $400. The judgment roll was also offered in evidence. As to the hospital fees, he testified as to the amount which he had paid and was obliged to pay. There was no evidence offered either as to the reasonable value of the physician's services, or as to the reasonable value of the hospital charge. If the appellants are liable for such expenses and charges, it is only for the reasonable value thereof. They are not bound either by the judgment which the doctor obtained nor by the amount which the

respondent had undertaken to pay either the physician or the hospital, unless such amounts were the reasonable value thereof. To submit the matter to the jury without evidence as to reasonable value, was error. 2 Sedgwick, Damages (9th ed.), § 483; 6 Thompson, Negligence, § 7329; *Gumb v. Twenty-Third St. R. Co.*, 114 N. Y. 411, 21 N. E. 993; *Bowsher v. Chicago, B. & Q. R. Co.*, 113 Iowa 16, 84 N. W. 958; *Wheeler v. Tyler S. E. R. Co.*, 91 Tex. 356, 43 S. W. 876. In the case last cited, it was said:

"The plaintiff below testified that he had agreed to pay Dr. Driskill $250 as his fee for attending him as a physician, but there was no evidence offered to prove that that sum or any other sum was a reasonable charge for the services rendered by Dr. Driskill to the plaintiff. One who is injured as the plaintiff claims to have been, if entitled to recover against the party charged with the negligence which caused the injury, is entitled to judgment for his expenses necessarily incurred in the treatment of the injuries sustained by him, but he cannot recover what he may agree to pay the physician for his services, because the other party is not bound by such agreement. Under such circumstances the injured party must prove what would be reasonable compensation to the physician for the services rendered, and would be entitled to recover that amount if he had paid or was liable to pay the same. It was error in the trial court to submit to the jury the question of the medical bill paid by the plaintiff for services rendered to him, because there was no proof that such amount was a reasonable compensation for the services rendered."

The respondent, in support of his position, cites *Niemyer v. Washington Water Power Co.*, 45 Wash. 170, 88 Pac. 103; *Helland v. Bridenstine*, 55 Wash. 470, 104 Pac. 626, and *Anderson v. Hurley-Mason Co.*, 67 Wash. 342, 121 Pac. 815, Ann. Cas. 1913 D. 148. In each of those cases the question arose upon an instruction given by the trial court wherein the jury were told, that, if they found for the plaintiff, they might include expenses which had been incurred for medical attendance, "if any is shown by the evidence in the

case." This was held not to be prejudicial error, even though there was no evidence as to the value of the services; the reason being, as stated in the *Anderson* case, that the effect of the instruction was simply to direct the minds of the jurors to the fact that such expenses were compensatory and allowable only when based upon the evidence in the case. That was a very different question from the one here presented. In none of those cases is it held that a recovery can be had for medical services or hospital expenses in the absence of evidence showing their reasonable value.

III. Claim of error is also predicated upon the ruling of the trial court in rejecting the testimony of a police officer who was in the vicinity at the time of the accident and made an investigation of the same. The question propounded to the witness was this:

"Q. Did you find from what inquiries you made at the time that any violation had occurred of the ordinances of the city, particularly by this automobile and this driver, with reference to the speed limit?"

The appellants contend that this question was so framed as to bring the answer thereof within the *res gestae*. But this contention cannot be sustained. The answer to the question would necessarily involve the expression of an opinion of the officer, based upon data and facts which he had collected in his investigation. It therefore would not be a part of the *res gestae*. In *Henry v. Seattle Elec. Co.*, 55 Wash. 444, 104 Pac. 776, speaking upon this question, it was said:

"In order to be a part of the *res gestae*, the subsequent declaration must explain or in some way characterize the main fact. It must not be the narration of a past event, nor the expression of an opinion."

The judgment will be reversed, and the cause remanded for a new trial.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.