[No. 15949.    Department One.    March 23, 1921.]

CARY-DAVIS TOWING COMPANY, *Appellant,* v.
A. B. SPRADLEY, *Respondent.*[1]

CONTRACTS (176)—ACTIONS FOR BREACH—ISSUES AND PROOF. In an action to recover on a towage contract, in which defendant counterclaimed for damages suffered by reason of plaintiff's failure to comply with its agreement to notify him of the loading and quantity of lumber so he could procure insurance thereon, a further allegation that, by reason thereof he "was prevented from fulfilling his contract with" the shipper "relative to the insuring of the cargo against marine loss," was not of the substance of the issue, since he had a right to recover for a loss upon the agreement upon which he relied, notwithstanding he might have protected himself against an anticipated breach by the procurement of an open policy of insurance.

SAME (24, 58)—CONSIDERATION—MUTUAL PROMISES—PRELIMINARY NEGOTIATIONS. Where a tentative arrangement for a towage contract was completed some ten days later, a promise at the latter time to notify defendant of the loading of the cargo so he could procure insurance thereon is supported by the mutual promises, express and implied, made by the one to the other, as consideration for the towage contract.

CARRIERS (7)—CONTROL AND REGULATIONS—CONTRACTS IN VIOLATION—SPECIAL PRIVILEGES. The public service commission law, Rem.

[1]Reported in 196 Pac. 655.

Code, § 8626-18, prohibiting common carriers from extending priv-
ileges to a shipper, except those regularly extended to all corpora-
tions under like circumstances, is aimed at unjust discrimination,
and does not preclude special contracts for the carriage of particular
property.

EVIDENCE (105)—HEARSAY—ORAL STATEMENTS. Testimony by par-
ties to a conversation as to what was said between them is not ob-
jectionable as being in the nature of hearsay.

APPEAL (124)—PRESERVATION OF GROUNDS—SPECIFIC OBJECTION TO
EVIDENCE. Objection cannot be urged on appeal that the reasonable
value of services was not put in evidence, when objection at the
trial was based on other grounds.

Appeal from a judgment of the superior court for
Skagit county, Brawley, J., entered April 12, 1920,
upon the verdict of a jury rendered in favor of de-
fendant on cross-complaints, in an action on open ac-
count. Affirmed.

*James Kiefer* and *Henry A. McLean,* for appellant.
*Stephen V. Carey,* for respondent.

FULLERTON, J.—The appellant, Cary-Davis Towing
Company, instituted this action against the respond-
ent, Spradley, to recover upon an account for towage.
The respondent admitted the account, and counter-
claimed in two separate cross-complaints for breaches
of contract in amounts in excess of the amount of the
towage account. The cause, after issue joined, was
tried by jury and resulted in a verdict and judgment
in favor of the respondent. The appeal is from this
judgment.

With reference to the first of the counterclaims,
the jury were warranted in finding the following facts:
In the early part of the year 1918, the respondent en-
tered into a contract with a company having a factory
at Anacortes to transport by barge a quantity of lum-
ber from the mill of a mill company at Port Angeles
to the factory at Anacortes. As a part of the contract,

the respondent agreed to insure the lumber while in transit, with loss, if any, payable to the company for whom the lumber was to be transported. The respondent entered into a contract with the appellant to do the actual work of transporting the lumber, and, at the time of entering into the contract, informed the appellant of his agreement with the owner of the lumber with respect to the insurance, and further informed the appellant that it was necessary for him to know, in order to obtain the insurance, the time when the work of loading the barge should be completed and the quantity of lumber loaded thereon. This information the appellant agreed to furnish him. The appellant employed a third person who owned a tug and barge to do the work, but did not inform this person of its agreement with reference to giving the requested information. The third person mentioned proceeded with his tug and barge to the plant of the mill company, took on the load and departed with it, without the knowledge of the respondent, and in consequence no insurance was placed thereon. The lumber was lost while on the way from the one mill to the other. It had a value of four thousand twenty-six and eighty-two one hundredths dollars, and this sum the respondent was obligated to make good and did make good to the mill company to his personal loss in that sum.

With reference to the second counterclaim, the jury were warranted in finding these facts: The respondent had possession of a barge which he had hired from its owner. The barge was at that time in good condition, and capable of the usage for which craft of this sort are designed. The appellant desired the use of the barge for a short time. The respondent leased the barge to it at the price per day he was paying the owner for its use, under an agreement that it was to

be returned to him in as good condition as it then was. In due time the barge was returned to the respondent. When use thereof was attempted by the respondent, it was found in a leaky condition, incapable of use for its customary purposes, and the respondent was obliged to place it in repair and suffered other losses by reason of the condition of the barge. This, to his loss in the sum of two hundred ninety and seventy-eight one hundredths dollars.

Noticing the contentions with reference to the first of the counterclaims, the first is that the breach of its agreement to give the respondent notice of the loading of the barge and the quantity of lumber placed thereon is shown by the complaint and the evidence not to be the primary cause of the loss, and in consequence no recovery can be based on a breach of the condition. The respondent, after alleging the agreement to give notice, the purpose thereof, his reliance thereon, and the breach of the agreement, further alleged that, by reason of the omission, he "was prevented from fulfilling his contract with" the shipper "relative to the insuring of the cargo against marine loss," and that his loss was due entirely to the neglect of the appellant. By these allegations, it is argued, the respondent placed "himself squarely upon his inability, as matter of fact, to obtain insurance without such knowledge," and cannot recover without proof of the fact, and that the evidence conclusively showed that he could have obtained insurance on an open policy, to procure which the specific information the appellant agreed to furnish was not necessary. But these latter allegations were rather formal than substantial. In other words, they are not essential to the respondent's cause of action. Since the agreement was one upon which the respondent had a right to rely, he can recover thereon for a

loss caused by its breach, notwithstanding he might have otherwise protected himself had he anticipated the breach. The obligations thus not being of the substance of the issue, the failure to prove them as laid does not amount to a failure of proof.

It is next contended that the agreement to give the notice is void for want of consideration. It appears from the evidence that the respondent, in anticipation of obtaining the contract to transport the lumber, spoke to an officer of the appellant concerning it and ascertained from him that his company was willing to do the work of transportation. Some ten days later, he directed the appellant to send a tug and barge for the lumber. It was at this later time that the respondent informed the appellant of his contract with the owner to insure the lumber while in transit and of his necessity for knowing when the loading of the barge should be completed and of the quantity of lumber loaded thereon, and was the time when the appellant agreed to give the information. The appellant argues that the contract was completed at the first interview, and hence the promise was not a part of the original contract, and is void because no independent consideration is shown in its support. But we think the evidence clear that nothing more than a tentative arrangement was made at the earlier interview; that neither party at that time obligated himself to perform anything, and that the actual contract was made at the later time mentioned. Since, therefore, the agreement to give the requested information was a part of the contract, it is supported by the consideration that supports the contract—the mutual promises, express and implied, made by the one to the other.

The third contention is that the agreement to give the requested notice is void because in violation of the

act of the legislature known as the public service commission law. This act provides, Laws of 1911, p. 551, § 18, that no common carrier shall

"extend to any shipper or person any privileges or facilities in the transportation of passengers or property, except such as are regularly and uniformly extended to all persons and corporations under like circumstances." Rem. Code, § 8626-18.

The argument is that the appellant is a common carrier acting under this law, that it is not its custom, or any part of its duty as such carrier, to give information such as was here requested, and that to do so would be to extend to the respondent a privilege not accorded to shippers generally, and that, in consequence, its promise so to do is not enforceable and gives rise to no cause of action in case of its breach. It would seem that, from the appellant's point of view, there is danger of this line of argument proving too much. If the appellant is in fact a common carrier, and transported the lumber as such, then it was practically an insurer of its safe delivery, and it could escape liability only by showing that the loss of the lumber was the result of some cause which excepts it from such liability. Of this there is no showing. In so far as the record discloses, the lumber was lost because of the ordinary perils of the sea.

We have not overlooked the argument that the ordinary rules applicable to common carriers generally do not apply when the common carrier is a tug boat. But we can see no reason for the distinction. Nor do the cases cited in its support maintain the principle. In the Federal cases cited, namely *Pederson v. John D. Spreckles & Bros. Co.*, 87 Fed. 938, *The W. H. Simpson*, 80 Fed. 153, and *The Lady Wimett*, 92 Fed. 399, it is expressly declared that a tug is not a common carrier; and our own case, namely *Jose v. Stetson*, 20 Wash.

648, 56 Pac. 397, is based upon a similar principle. Nor have we overlooked the argument that the cross-complaint does not allege that the appellant is a common carrier. But the appellant itself introduced the evidence to show the fact, and it must accept the benefits of the proofs with the burdens it imposes. It cannot contend that, for its own purposes, it is a common carrier, but is not so for any benefit the respondent may derive therefrom.

If, however, we are to meet the appellant on its chosen ground, we cannot think the statute cited subject to the interpretation the appellant puts upon it. Statutes relating to the duties of common carriers are intended to promote and facilitate the transportation of property, not to hamper or destroy transportation. The statute contains no prohibition against making special contracts for the carriage of particular property. It only prohibits such contracts as confer special privileges and facilities on a shipper not accorded to shippers generally. There is no reason why a carrier should not give this information to any shipper who should desire it, and because it is not customary in the case of ordinary shipments or is not often requested is no reason for denying the power. It is easy to conceive that notice of the time a particular shipment is started on its way might, in many instances, be of the utmost importance to the shipper, and commerce will be hampered and hindered, rather than facilitated, if a carrier may not make an obligatory agreement to give it.

No case is cited us where the precise question has been presented. Our act, however, does not materially differ in the respect in question from the Federal act regulating interstate commerce, and the Federal supreme court has held that the act did not forbid the making special contracts with reference to particular

shipments, but prohibited those only which unjustly discriminated in favor of the shipper. Among the many cases that might be cited, is the case of *Cincinnati, N. O. & T. P. R. Co. v. Interstate Commerce Comm.*, 162 U. S. 184, where the following language was used:

"Subject to the two leading prohibitions that their charges shall not be unjust or unreasonable, and that they shall not unjustly discriminate, so as to give undue preference or advantage or subject to undue prejudice or disadvantage persons or traffic similarly circumstanced, the act to regulate commerce leaves common carriers as they were at the common law, free to make special contracts looking to the increase of their business, to classify their traffic, to adjust and apportion their rates so as to meet the necessities of commerce, and generally to manage their important interests upon the same principles which are regarded as sound and adopted in other trades and pursuits."

The appellant next complains of the admission of certain testimony. The respondent was permitted to testify that, when he applied for insurance on the lumber to the only agent at Anacortes issuing marine insurance, he was denied an open policy, and was informed that a policy could only be issued covering the specific transaction, and that to issue such a policy, the agent must have the information the appellant afterwards agreed to furnish. The agent himself was called and testified to the same facts. It is objected that this is testimony in the nature of hearsay, but we cannot conceive that it is so. The testimony related to an actual transaction, not to a third party's version of a transaction. It was material to meet the evidence offered by the appellant to prove that an open policy could have been procured.

A further contention is that the court erred in refusing to admit testimony offered by the appellant to

the effect that it was not usual or customary for the operators of tug boats to give information such as was here promised. But this evidence could be material only on the assumption that the agreement constituted an undue privilege to the shipper under the public service law. This was a question of law, not of fact, and has been met by what we have said in answer to another contention. If the appellant was authorized to make a contract such as was here made, it is immaterial whether such a contract is or is not customary and usual.

With reference to the first counterclaim, the court gave to the jury the following instruction:

"If the defendant does satisfy you by such fair preponderance of the testimony that the plaintiff agreed to notify the defendant of the time of the supposed departure of said scow from Port Angeles and the amount of lumber thereon, that it failed to do so, and that by reason thereof the defendant was prevented from securing insurance, and that by reason of the want of such insurance he sustained a loss, then it will be your duty to find in favor of defendant upon such counterclaim."

This is assigned as error, but we think it unobjectionable. It was pertinent and to the point on the respondent's theory of the case, and unless it is to be held that the contract is in itself invalid, cannot be said to be an incorrect statement of the applicable law. Whether the contract is or is not valid we have hereinbefore discussed.

Certain instructions were requested by the appellant and refused by the court. These require no special examination. On the theory of the case adopted by the appellant, they were pertinent and proper, but are not so on the theory of the respondent which the trial court adopted and which we here approve.

With reference to the second of the counterclaims, it is contended that there is no evidence which will justify the finding of a liability on the part of the appellant. It is said that the proofs fail to show that the sums paid by the respondent for repairing the barge, and the sums charged for the loss of the use while being repaired, are reasonable. With reference to the loss of use, the respondent not only testified that the charge made was at the rate per day he was paying for the use of the barge, but, in answer to a direct question, testified that the sum charged was the reasonable value of the use of the barge. With reference to the other items, he produced bills rendered him by the persons performing the services, and testified that the services were necessarily incurred and that the amounts charged were actually paid by him, but was not asked and did not testify whether the sums charged were reasonable charges for. the services rendered. Conceding that the proofs might have been insufficient under other circumstances, we are nevertheless of the opinion that no error was committed in this instance. The objection to the testimony when offered was based on grounds other than that the reasonable value of services was not shown. This, under the authority of *Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 167 Pac. 1078, was insufficient to raise the particular question. In the cited case we said:

"One assignment of error as to the admission of evidence will be further considered. This assignment relates to the evidence as to the hospital expense. Upon the trial, Mr. Dahlstrom was permitted to testify as to the amount of the bills which he had received for the hospital expense. This was objected to on the ground that it was 'immaterial and incompetent.' Under. the holding in *Torgeson v. Hanford*, 79 Wash. 56, 139 Pac. 648, the evidence as to the amount of the bills did not prove the reasonable value of the services for

which they were rendered, and there should have been other evidence on the question of reasonable value. The objection to this evidence, however, was not upon this ground, but was the general objection of incompetent and immaterial. This was not sufficient to preserve the question. The specific reason for the objection should have been pointed out."

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.