[No. 22122. *En Banc.* June 25, 1930.]

METROPOLITAN NATIONAL BANK OF SEATTLE, *as Executor, Appellant,* v. HUTCHINSON REALTY COMPANY, *Respondent.*[1]

[1]Reported in 289 Pac. 56.

*William A. Gilmore*, for appellant.

*Byers & Byers* (*Alfred J. Westberg*, of counsel), for respondent.

MILLARD, J.—This is an action to recover for the use and conversion of apartment house furniture. The cause was tried to the court sitting without a jury, and resulted in a judgment dismissing the action, from which judgment the plaintiff appeals.

The respondent, Hutchinson Realty Company, leased the Van Siclen Apartment House January 22, 1924, to Magnus Edgren for a five-year period. The furniture placed in the building was owned by the lessee Edgren who, to secure the payment of the rentals reserved in the lease, executed to respondent realty company a chattel mortgage upon the furniture. In March, 1925, the Edgren lease was assigned to O. W. Swanson and wife. The Swansons entered into an agreement with Edgren to purchase the furniture. On January 20, 1927, Edgren died and the appellant bank became the executor of Edgren's estate. The Swansons operated the apartment house under the terms of the assigned Edgren lease until February 20, 1928.

On that date, the Swansons relinquished to the appellant bank the contract for the purchase of the Edgren furniture, on which they owed a balance of sixty-five hundred dollars. The Swansons surrendered possession of the apartment house to the respondent, and the lease, which did not expire until January, 1929, was canceled. The furniture contract of the Swansons with the Edgren estate was subject to the chattel mortgage executed to the respondent by Edgren to secure the payment of the rentals under the lease. By written agreement of February 20, 1928, in consideration of respondent releasing them from liability for

the rentals reserved in the lease, the Swansons transferred their interest in the furniture to the respondent. The pertinent portion of that agreement reads as follows:

". . . and they (the Swansons) hereby sell and convey to first parties (the realty company) all their right, and title in and to the furniture and fixtures held by first parties (the realty company) under chattel mortgage."

On February 29, 1928, the apartment house was leased to Blows for a term of four years and eleven months. As a part of the same transaction, and to secure the payment of the rentals under the terms of the lease, and also to secure the payment to the Edgren estate of the balance of sixty-five hundred dollars due on the furniture, the appellant and respondent jointly executed to the lessee Blows a bill of sale to all of the furniture in the apartments. Blows, in turn, executed to the respondent a first chattel mortgage upon the furniture to secure payment of the rentals, and executed to the appellant a second chattel mortgage upon the furniture to secure the payment of the sixty-five hundred dollars due the Edgren estate on the purchase price. of the furniture. Appellant assigned to the respondent, from the future payments on Blows' sixty-five hundred dollar note, six hundred and fifty dollars in settlement of respondent's claim for rental due from the Swansons. Blows defaulted in payment of rentals of twenty-two hundred dollars for May and June, 1928. Action against Blows was instituted by the respondent June 2, 1928, to regain possession of the apartment house, recover the two months' rental of twenty-two hundred dollars, and to recover two thousand dollars damages. On June 6, 1928, the parties stipulated that the action be dismissed with prejudice. On the same date, for a re-

cited consideration of five dollars, Blows executed a bill of sale of all of the furniture to the respondent and to the appellant. The attorney for respondent would not approve the order for dismissal of the action against Blows until the following language was incorporated in the bill of sale:

" . . . it being understood that the priorities as between the grantees is not changed. . . . This sale is made subject to mortgages and incumbrances of record.".

Counsel for respondent contends that the foregoing was placed in the bill of sale to assure the payment of the rentals reserved in the lease, payment of which was secured by the first chattel mortgage upon the furniture. Counsel for appellant insists that the language refers to the claim of the respondent for six hundred and fifty dollars rental from the Swansons.

On June 8, 1928, order of dismissal of the action with prejudice was entered. The respondent was given possession of the apartment house and operated same, using the furniture therein, to January 2, 1929, when, having failed to secure another lessee, respondent sold the apartment house and the furniture. The appellant, claiming an undivided one-half interest in the furniture, commenced this action to recover for the conversion of the furniture, and for recovery of the rental value of the furniture since June 6, 1928.

The trial court found that Blows became a lessee of the respondent, executed the chattel mortgages upon the furniture and defaulted in the payment of two months' rental; that the respondent brought suit under the forcible entry and detainer statute to regain possession of the leased premises and recover rentals due and damages; that the suit was dismissed with prejudice after the appellant had secured from Blows a bill of sale of said furniture to the appellant and respond-

ent as grantees; that it was stipulated in the bill of sale that the priorities in the first and second chattel mortgages upon the furniture and the rights of the appellant and respondent therein should not be changed by the giving and taking of the bill of sale. The court further found that the lease provided for payment of rent by Blows to respondent at the rate of eleven hundred dollars monthly, in the full sum of sixty-nine thousand and four dollars for the term of four years and eleven months from April 1, 1928, to February 28, 1933; that the respondent was unable to rent the apartment house for the remainder of the term of the lease for more than nine hundred dollars a month, and that the respondent was

". . . damaged by the breach of said lease in the sum of $200 per month for four years and seven months, or in the gross sum of $11,000, all of which was secured by the said first chattel mortgage."

The court also found that the value of the use of the furniture by the respondent from June 6, 1928, to January 2, 1929, was nine hundred and ninety dollars and that the value of the furniture was twenty-five hundred dollars. Judgment was entered dismissing the action, the court concluding that, under the chattel mortgage, respondent's claim was a paramount lien upon the furniture, and that the amount of the claim exceeded the value of the furniture at the time of its conversion and the rental value of the furniture for the period used by respondent.

Appellant complains of the refusal of the trial court to find that the value of the use of the furniture from June 6, 1928, to January 2, 1929, was twenty-one hundred dollars, and that the value of the furniture, at the time of conversion, was ten thousand dollars. The testimony as to the value of the furniture is sharply conflicting. Valuation by the witnesses ranged from

fifteen thousand dollars to six hundred and seventy-five dollars. The evidence, as a whole, preponderates in support of the finding of the trial court that the total value was thirty-four hundred and ninety dollars, therefore the finding will not be disturbed.

Appellant contends that the surrender by Blows to the respondent of the leased premises, the cancellation of the lease, the dismissal with prejudice of the forcible entry and detainer action against Blows and the transfer to the appellant and respondent by Blows of the furniture by the bill of sale canceled all obligations under the lease, either due or to become due. It is argued that, to avoid suit by Blows, because the building was uninhabitable, respondent dismissed the action against Blows and waived rental of twenty-two hundred dollars and damages of two thousand dollars.

Appellant also insists that it was the intention of respondent and appellant that the title to the furniture should, by the bill of sale from Blows, again vest in the appellant and respondent jointly, so that the parties would be in a position to put a new tenant in possession of the apartment house under the same conditions that Blows had been placed therein, and to preserve whatever priority the respondent had by reason of its claim for rentals due from Swanson.

Respondent's position is that the giving of the bill of sale by Blows was the consideration for the dismissal of the action against Blows, and that the priority,

"It being understood that the priorities as between the grantees is not changed. . . . This sale is made subject to mortgages and incumbrances of record,"

referred to in the bill of sale was the priority of respondent's first mortgage over all other claims to the furniture. The foregoing quoted provision was added to the bill of sale by appellant's counsel upon the in-

528

sistance of the respondent's counsel. The only priorities existing between the appellant and the respondent were the two chattel mortgages which were canceled by the bill of sale. The payment of the rentals reserved in the lease was secured by a chattel mortgage executed by the first lessee, Edgren. The succeeding lessees who purchased the furniture from Edgren and the Edgren estate were required to likewise secure the payment of the rentals. The priority preserved in the bill of sale is defined in the chattel mortgage from Blows to the respondent as follows:

"This conveyance is intended as a first mortgage to secure the payment of the rents reserved in and the fulfillment by the mortgagor of all terms and conditions"

of the lease from the respondent to Blows.

By the forcible entry and detainer action, the respondent sought to repossess itself of the premises, and also to recover twenty-two hundred dollars rental and damages of two thousand dollars. It does not appear from the evidence that respondent's dismissal of that cause with prejudice was induced through fear of the institution of an action against it by Blows because of the condition of the apartment house.

That the judgment entered dismissing with prejudice the forcible entry and detainer action is a bar to recovery by respondent of the May and June, 1928, rental of twenty-two hundred dollars, and two thousand dollars damages, the respondent concedes. However, urges respondent, that judgment of dismissal does not foreclose its right to recovery of deficiency in rentals for the balance of the term of the lease; that, by section 16 of the lease and the provision in the bill of sale from Blows as to priorities of the interests of appellant and respondent in the furniture, the right to recovery of the deficiency was saved.

Clause 16 of the lease executed by the respondent to Blows reads as follows:

"16. That if the said lessee shall fail to keep and perform any of the covenants and agreements herein contained, then the said lessor may cancel this lease upon giving the notice required by law, and re-enter said premises, but notwithstanding such re-entry by the lessor, the liability of the lessee for the rent provided for herein shall not be extinguished for the balance of the term of this lease, and the lessee covenants and agrees to make good to the lessor any deficiency arising from a re-entry and re-letting of the premises at a lesser rental than herein agreed to."

■ We have no quarrel with the rule for which appellant contends that,

" . . . a termination of the lease by a surrender releases the lessee from liability on all covenants on his part contained in the lease dependent upon the continuance of the term and which have not matured and become actionable during the continuance of the term." 16 R. C. L., p. 1158, § 679.

However, the parties may stipulate in the lease, as was done in this case, for the lessee's continued liability.

"It seems that by an express provision the lessor may be given the right to re-enter and resume the possession of the demised premises upon the lessee's breach of his covenants in the lease, as in case of nonpayment of rent, and hold the lessee still liable for the subsequently accruing rents. As has been said, there is nothing illegal or improper in an agreement that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-entry for default; and if the parties choose to make such an agreement there is no reason why it should not be held to be valid as against both the tenant and his sureties." 16 R. C. L., p. 1138, § 659.

Discussing the rule that eviction suspends the payment of rent, the supreme court of Illinois said:

"But in the cases where the rule has been laid down and enforced, it does not appear, that there was an express covenant or agreement on the part of the tenant, that he would be liable for the rents accruing up to the end of the term notwithstanding the re-entry of the landlord before the expiration of the term for default in the payment of rent. Such cases are distinguishable from the case at bar in that, here, the lease, which is signed by the tenant, and under the terms of which he entered into possession of the demised premises, provides that the re-entry by the landlord shall not work a forfeiture of the rents to be paid after such re-entry. . . . There is nothing illegal or improper in an agreement, that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding there has been a re-entry for default; and, if the parties choose to make such an agreement, we see no reason why it should not be held to be valid as against both the tenant and his sureties." *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, 35 N. E. 820.

Under section 16 of the lease, Blows' liability for the rent to the end of the term would not have been extinguished by respondent repossessing itself of the premises for Blows' default in payment of rent. In the event a new lessee was obtained by the lessor, the rental paid by such lessee would in like amount diminish the claim of the lessor against the first lessee. The first chattel mortgage upon the furniture could be foreclosed to satisfy that claim. By section 16 of the lease, Blows obligated himself to pay the rents accruing to the end of the term, notwithstanding the re-entry of the landlord before the expiration of the term for default in payment of rent. That covenant was not extinguished by the surrender of the property to the lessor and by the dismissal, with prejudice, of the forcible entry and detainer action for repossession of the premises, and recovery of rent then due. The interest of the respondent at all times in the furniture

was an amount equal to the amount of the rentals to the end of the term.

The court found that, by breach of the lease, the respondent's loss of the reserved rentals was in the sum of eleven thousand dollars. Respondent's interest in the furniture was, therefore, in the amount of eleven thousand dollars, and was paramount to the sixty-five hundred dollar interest of the appellant bank. The claim of respondent was prior to that of the bank under the chattel mortgage; and the bill of sale from Blows to the parties clearly stipulates that the priorities as between the respondent and appellant are not changed. The respective interests of the parties are simply a matter of computation.

The judgment is affirmed.

MITCHELL, C. J., FRENCH, FULLERTON, PARKER, MAIN, and BEALS, JJ., concur.

TOLMAN, J. (dissenting)—My study of the record convinces me that respondent, in settling with its tenant Blows and regaining immediate possession of the building, for a sufficient consideration, released Blows from all rent due or to become due, and that the lease to Blows was then, by mutual agreement, canceled. The dismissal of the pending action with prejudice is strong evidence of such an agreement, and there is no evidence to the contrary. That being so, the chattel mortgage given by Blows to secure the rental without further action at once ceased to have any force or virtue, since there was, and could be, no further rental maturing under the canceled lease.

Therefore the reference in the bill of sale to "mortgages and incumbrances of record," as quoted by the majority, could not refer to a mortgage which had been canceled and set aside by mutual agreement, but must of necessity refer to any such mortgage or mort-

532

gages which were then in force or effect or, in other words, to the Swanson mortgage.

In my opinion, the appellant is entitled to recover the value of the furniture as of the date of conversion, less the amount which was secured by the Swanson mortgage.

HOLCOMB, J., concurs with TOLMAN, J.