[No. 23721. *En Banc.* April 17, 1933.]

CARL E. WILBUR, *Respondent*, v. GARFIELD TAYLOR
et al., *Appellants.*[1]

*F. L. Morgan* and *Chas. R. Lewis,* for appellants.
*Williamson, Freeman & Broenkow,* for respondent.

MAIN, J.—This action was based upon a promissory note. The defendants admitted execution of the note, and, by cross-complaint, sought its cancellation and a money judgment against the plaintiff. To the cross-complaint, the plaintiff pleaded certain items of damages for which he sought recovery. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of one dollar. Motion for judgment notwithstanding the verdict and, in the alternative, for a new trial being made and overruled, judgment was entered upon the verdict, and the defendants gave notice of appeal.

The case was here upon a former appeal, 154 Wash. 282, 282 Pac. 65, where it was reversed and a new trial directed. The facts are fully stated in the opinion when the case was here before, and they will only be

[1]Reported in 20 P. (2d) 1104.

here summarized sufficiently to an understanding of the question now presented.

In 1924, the respondent sold to the appellants the standing timber upon certain land. Subsequently, this contract was forfeited. In accordance with the contract, prior to its forfeiture, the appellants had paid to the respondent the sum of fifteen hundred dollars and had given a note for another thousand, which is the note involved in this case. For making the sale, the respondent had paid a real estate firm employed by him the sum of fifteen hundred dollars as a commission, and this was one of the items of damages pleaded as against the cross-complaint.

After making a number of assignments of error, the appellants, in their brief, state:

"From all of the foregoing, it will be seen that the particular point at issue, in which the court fell into error, was in holding that the commission paid by plaintiff to Morrison & Muehler was a proper element of damage under the contract in question."

It will thus be seen that the question which is now sought to be presented is whether the commission paid to the real estate firm was an element of damage for which the respondent could recover.

When the evidence as to this commission was offered, it was objected to on the ground that it was "incompetent, irrelevant and immaterial." Nowhere in the objection to the testimony was it pointed out that a commission paid to a real estate broker for effecting the sale was not a proper element of damage in this case. In *Dahlstrom v. Northern Pacific Railway Co.*, 98 Wash. 390, 167 Pac. 1078, it was said:

"One assignment of error as to the admission of evidence will be further considered. This assignment relates to the evidence as to the hospital expense. Upon the trial, Mr. Dahlstrom was permitted to testify as to the amount of the bills which he had received

for the hospital expense. This was objected to on the ground that it was 'immaterial and incompetent.' Under the holding in *Torgeson v. Hanford,* 79 Wash. 56, 139 Pac. 648, the evidence as to the amount of the bills did not prove the reasonable value of the services for which they were rendered, and there should have been other evidence on the question of reasonable value. The objection to this evidence, however, was not upon this ground, but was the general objection of incompetent and immaterial. This was not sufficient to preserve the question. The specific reason for the objection should have been pointed out.''

Likewise, in the case now before us, the appellants should have, with reasonable certainty, pointed out the specific objection to the testimony, and thus have informed the court of their position. To object on the ground that the evidence was incompetent, irrelevant and immaterial, was not sufficient, under the holding in the case cited, to preserve the question. The evidence being in the case without sufficient objection, there was no error in the court submitting the issue complained of to the jury.

As to whether the commission to the real estate broker was a proper element of damages, we do not decide, and nothing herein said is to be construed as an expression of opinion on that question.

The judgment will be affirmed.

BEALS, C. J., HOLCOMB, MITCHELL, BLAKE, MILLARD, and STEINERT, JJ., concur.

TOLMAN, J. (dissenting)—While the objection was general in its nature, it seems to me sufficient to advise the court of the real nature of the point intended to be raised, and as I am convinced that the commission paid was not a recoverable item of damages, I dissent.