NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEISS-JENKINS IV LLC, a Washington limited liability company,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>UTRECHT MANUFACTURING CORPORATION, a Delaware corporation and DICK BLICK HOLDINGS, INC.,<br><br>        Defendants-Appellants. | No.   16-35552<br><br>D.C. No. 2:14-cv-00954-RSL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted May 18, 2018
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,** District Judge.

Utrecht Manufacturing Corp. ("Utrecht") appeals an order granting summary

judgment to its former landlord, Weiss-Jenkins IV LLC ("Weiss-Jenkins"),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

awarding Weiss-Jenkins damages upon Utrecht's breach of its commercial lease (the "Lease") at the Pike & Minor Building (the "Building") in Seattle. We affirm.

1. The district court correctly concluded that Utrecht's breach and Weiss-Jenkins' subsequent termination of the Lease resulted in a qualified forfeiture. *See Hargis v. Mel-Mad Corp.*, 730 P.2d 76, 79-80 (Wash. Ct. App. 1986) (citing *Heuss v. Olson*, 264 P.2d 875, 878 (Wash. 1953); *Metro. Nat'l Bank of Seattle v. Hutchinson Realty Co.*, 289 P. 56, 58-59 (Wash. 1930)). A forfeiture is qualified when the lease "expressly saves the lessor's right to [] recover damages based on unaccrued rent," or when "the notice of forfeiture communicates to the lessee the lessor's intention to hold the lessee for such damages, notwithstanding the forfeiture." *Hargis*, 730 P.2d at 80 (internal quotation marks and citations omitted). Here, both the requisite lease language and notice language are present.

2. For the same reasons, the district court also properly determined that the appropriate measure of damages was the rent deficiency that accrued through the end of the Lease term. *See Metro. Nat'l Bank of Seattle*, 289 P. at 58-59; *Pollock v. Ives Theatres, Inc.*, 24 P.2d 396, 398-99 (Wash. 1933). Weiss-Jenkins was entitled to recover lost rents between July 2013 (when the breach occurred) and the time the premises were relet, plus any shortfall in the amount of rent received from the date of the reletting to the end of the Lease term. The property value-based measure of damages advanced by Utrecht was properly rejected by the

district court. *Cf. Family Med. Bldg., Inc. v. State, Dep't of Soc. & Health Servs.*, 702 P.2d 459, 464 (Wash. 1985) (en banc).

The district court also appropriately rejected Utrecht's claim that speculative, post-breach improvements made to the property by the new tenant effect a windfall to Weiss-Jenkins, and that Utrecht is therefore entitled to an offset against the damages it owes under the Lease. *See Lacey Mktplace Assocs. II, LLC v. United Farmers of Alb. Coop. Ltd.*, No. C13-0383JLR, 2015 WL 403165, at * 17-18 (W.D. Wash. Jan. 28, 2015), *aff'd in part*, 720 F. App'x 828 (9th Cir. Dec. 21, 2017); *Hargis*, 730 P.2d at 81. The base rent comparison formula employed by the district court to calculate the rent deficiency was set forth in the Lease. In any event, as the nonbreaching party, Weiss-Jenkins should receive any benefit stemming from Utrecht's breach. *See Hargis*, 730 P.2d at 81.

3.      Finally, the district court's award of attorney's fees to Weiss-Jenkins was proper, as the Lease provided that attorney's fees would be awarded to the prevailing party. *See Lacey*, 2015 WL 403165, at *18 (quoting Wash. Rev. Code § 4.84.330); *King Cty. v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV*, 398 P.3d 1093, 1098 (Wash. 2017).

**AFFIRMED.**