**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| TERRY BERG, | No. 80119-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| GREGORY PACKARD, SOUTHERN GLAZER'S WINE AND SPIRITS OF WASHINGTON, LLC, DOES I-V, and ROES CORPORATIONS VI-X, inclusive, | |
| Respondents. | |

LEACH, J. - Terry Berg appeals a trial court order vacating a default judgment obtained against Gregory Packard and Southern Glazer's Wine and Spirits, LLC ("Packard"). Because Berg does not show that the trial court abused its discretion, we affirm.

BACKGROUND

Terry Berg was injured when a car driven by Gregory Packard rear-ended Berg's vehicle. Berg's efforts to settle his claim with Packard's insurance company failed. So, Berg sued Packard. He served Packard on March 8, 2019, and March 9, 2019, and filed the lawsuit on April 5, 2019. After Packard did not respond within the allotted time, on April 18, 2019, Berg obtained an order of default against Packard.

Citations and pincites are based on the Westlaw online version of the cited material.

The same day, he filed a motion he called an ex parte motion of default requesting a default judgment.  He supported this motion, with his attorney's declaration and Berg's declaration, to which medical bills were attached.  He did not provide any declaration from a healthcare provider.  A court commissioner entered an order stating, "Please supplement the request for non-economic damages with further evidence (i.e. jury verdicts) and resubmit the submission through Ex Parte via the Clerk, including a copy of this Order."  In response, Berg filed a supplemental ex parte motion for default judgment to which he attached reports of settlements/jury verdicts in similar cases.

The court entered the default judgment against Packard with these findings on April 19, 2019:

1. Defendants Gregory Packard and Southern Glazer's Wine and Spirit of Washington, LLC (collectively "Defendants") were properly served with the Complaint and Summons in this matter.

2. Defendants have not entered an appearance in this matter.

3. Defendants are jointly and severally liable for the accident complained of in Plaintiff's Complaint (the "Accident").

4. Plaintiff carries no fault in the Accident.

5. Plaintiff was severely injured in the Accident.

6. Plaintiff's economic damages caused by the Accident equal $63,773.33.

7. Plaintiff's non-economic damages caused by the Accident equal $250,000.00.

Berg notified Packard of the default judgment. Packard filed a motion to vacate the default judgment on May 1, 2019. After Berg requested oral argument in opposition, the court informed the parties that Packard needed to re-note the motion. Packard filed a second motion to vacate the default judgment and noted it to be heard without oral argument. The court granted Packard's second motion without oral argument and vacated the default judgment. Berg appeals.

## STANDARD OF REVIEW

We review a trial court's decision to vacate a default judgment for abuse of discretion.[1] A trial court abuses its discretion when its decision is manifestly unreasonable, or based on untenable grounds, or exercised for untenable reasons.[2]

## ANALYSIS

Berg claims the trial court abused its discretion when it granted Packard's motion to vacate, because Packard failed to meet his burden of proof as a matter of law. Generally, Washington courts do not favor default judgments based on an overriding policy that prefers the resolution of disputes on the merits.[3] We assess the trial court's decision in light of a case's particular facts and circumstances. We

---

[1] Yeck v. Dep't of Labor & Indus., 27 Wn.2d 92, 95, 176 P.2d 359 (1947).
[2] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).
[3] Little v. King, 160 Wn.2d 696, 703, 161 P.3d 345 (2007).

are less likely to reverse a trial court decision that sets aside a default judgment than a decision that does not.[4]

In deciding a motion to vacate a default judgment under CR 60(b), the trial court considers two primary and two secondary factors, which the moving party must address: (1) that there is substantial evidence to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the moving party acted with due diligence after notice of the default judgment; and (4) that the opposing party will not suffer substantial hardship if the default judgment is vacated.[5]

A trial court may vacate a default judgment "if there [is] not substantial evidence to support the award of damages."[6]

Packard met the two secondary factors. He responded quickly after receiving notice of the default judgment, and Berg has not shown that vacating the judgment would cause any hardship.

This leaves the two primary factors, (1) whether Packard has identified evidence to support at least a prima facie defense, and (2) whether Packard's failure to appear was due to excusable neglect or was not willful.

---

[4] Showalter v. Wild Oats, 124 Wn. App. 506, 510-11, 101 P.3d 867 (2004).
[5] Little, 160 Wn.2d at 703-04 (citing White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968); Showalter, 124 Wn. App. at 511; Johnson v. Cash Store, 116 Wn. App. 833, 841, 68 P.3d 1099 (2003).
[6] Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 242, 974 P.2d 1275 (1999).

Prima Facie Defense

Berg first claims that because Packard failed to offer evidence, that the amounts in the default judgment were excessive or unreasonable, he did not present a prima facie defense.

The trial court examines the evidence and reasonable inferences in the light most favorable to the moving party to determine whether there is substantial evidence of a prima facie defense.[7]

Packard asserts he demonstrated a defense because Berg did not provide any evidence, other than medical bills and his own declaration, to show that the medical costs were reasonable and necessary.

A plaintiff in a negligence case may recover only the reasonable value of medical services received and not the total of all bills paid.[8] The plaintiff must prove that medical costs were reasonable and necessary and cannot rely solely on medical records and bills to do this.[9] In other words, medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and the bills were both necessary and reasonable.

First, Berg's medical records may indicate that he had pre-existing medical conditions related to the treatment described in the medical bills he submitted with his motion for default judgment. Jackie Jensen Erler, Packard's attorney, reviewed

---

[7] Pfaff v. State Farm Mut. Auto. Ins. Co., 103 Wn. App. 829, 834, 14 P.3d 837 (2000).

[8] Torgeson v. Hanford, 79 Wash. 56, 58-59, 139 P. 648 (1914).

[9] Nelson v. Fairfield, 40 Wn.2d 496, 501, 244 P.2d 244 (1952); Carr v. Martin, 35 Wn.2d 753, 761, 215 P.2d 411 (1950); Trudeau v. Snohomish Auto Freight Co., 1 Wn.2d 574, 585-86, 96 P.2d 599 (1939); Torgeson, 79 Wash. at 58-59.

the medical records and found that Berg had carpal tunnel symptoms before the accident. She also stated that his records demonstrate long-standing degenerative changes throughout the spine, a history of a lumbar disc fusion two years before the accident, and a history of prior headaches.

Second, Berg acknowledges he failed to provide the evidence needed to prove his treatment was reasonable or necessary. So, the record does not support that part of the default judgment awarding treatment costs. So, Packard identified substantial evidence of a prima facie defense.

Appearance

Berg next claims that Packard provided no explanation for his failure to answer the complaint. He is correct.

"If a 'strong or virtually conclusive defense' is demonstrated, the court will spend little time inquiring into the reasons for the failure to appear and answer, provided the moving party timely moved to vacate and the failure to appear was not willful."[10] But when the moving party's evidence supports no more than a prima facie defense, the reasons for the failure to timely appear will be scrutinized with greater care.[11]

Here, while Packard did not respond to the lawsuit within 20 days of being served, Packard asserts he did not receive notice that Berg filed the lawsuit, and that Berg "almost immediately obtained a default judgment thereafter." This does not explain his failure to respond. So, this factor weighs against vacating the

---

[10] Johnson, 116 Wn. App. at 841 (quoting White, 73 Wn.2d at 352).
[11] Johnson, 116 Wn. App. at 842; White, 73 Wn.2d at 352-53.

default judgment. Berg cites no authority for his apparent position that this single factor controls a trial court's decision.

Equity

Berg next claims that it was not equitable to vacate the default because Packard presented no evidence supporting his contention that Berg's total damages were unreasonable or unnecessary. But, because Packard proved that Berg's medical expense damages were unsupported by the requisite evidence and raised issues about pre-existing conditions applicable to both his economic and noneconomic damages, Packard satisfied his burden of establishing a prima facie defense to Berg's damage claim.

Oral Argument

Finally, Berg claims the trial court should have been required to conduct oral argument. He cites no persuasive authority to support this claim.

Attorney Fees

Packard requests attorney fees claiming Berg's appeal is frivolous. We disagree. Berg had a good faith argument in advancing his concerns about the validity of the default judgment.

CONCLUSION

We affirm. The trial court did not abuse its discretion in its consideration of the factors to weigh when determining whether to vacate a default judgment.

_____
Leach, J.

WE CONCUR:

_____          _____
Chun, J.                          Mann, C.J.